MILLER, Judge
(dissenting).
The award is manifestly excessive and should be reduced.
The majority notes that defendant complained particularly of the award for loss of earnings. Defendant also complained particularly of the $15,000 awarded for pain and suffering which was primarily related to a cervical sprain.
Disc or nerve related problems were expressly ruled out. There was no arthritic complication. Plaintiff’s treating physician, a general practitioner, did not think the case merited consultation or consideration by an orthopedic surgeon. Plaintiff did not wear a cervical collar nor did he undergo traction. The treating physician would have used traction at first, but when plaintiff’s lacerations healed ten days later (Tr. 252, 3), traction was no longer indicated. During the nine months after plaintiff’s discharge from the hospital, plaintiff consulted his treating physician eight times, and was then discharged. Thereafter plaintiff has been taking Anacin or Aspirin for pain.
The muscle spasm found on May 15, 1973 by the treating physician was described as a finding in the leading edge of the left trapezius muscle of a slight resistance to pressure by the doctor’s fingers. The orthopedic surgeon who examined plaintiff for defendant, found no muscle spasm at his March 29, 1973 examination.
Substantial lay testimony was taken to establish that plaintiff has been disabled since the accident. However, the only two individuals who worked with plaintiff after the accident (his 17 and 19 year old sons) were not called to testify.
This record fails to support the finding that plaintiff has a permanent disability resulting from the accident.
I respectfully dissent.